BYRD
*vs*
BRADLEY.

---

## Byrd *vs* Bradley.

ERROR TO THE CHRISTIAN CIRCUIT.

*Fraudulent conveyances.*

JUDGE MARSHALL delivered the Opinion of the Court.

CHANCERY.

*Case* 74.

*April* 11.

EVERY mortgage or deed of trust, by which a debtor conveys the whole of his property, for the security of a part only of his debts, tends necessarily to hinder and delay his other creditors, to some extent, and may, perhaps, defeat them altogether in the collection of their debts; and yet it seems to be well established that a debtor may prefer a portion of his creditors, by appropriating his property, either to their immediate payment or to the security of their demands, within a reasonable time, if he do so in good faith and without a fraudulent purpose. If, under the pretext of securing some or even all of his creditors, the debtor make a conveyance in trust, by which, without the concurrence of his creditors whose debts he professes to secure, he intends to protect, and does in fact, if the deed is effectual, protect himself in the enjoyment of his property, such a deed is undoubtedly fraudulent, and may be disregarded or set aside by any of his creditors; and a partial deed, even if assented to by the preferred creditors, would be alike fraudulent and void as to the other creditors, if its intent and effect be such as have been just supposed.

If a debtor under the pretext of securing some, even all, his creditors, make a conveyance in trust, by which, without the concurrence of the creditors whose debts are proposed to be secured, he intends to protect himself in the enjoyment of his property, such deed is undoubtedly fraudulent. —And a partial deed, even if assented to by the preferred creditors, would be alike fraudulent and void, if its intent and effect be to protect the debtor in the enjoyment of the property.

BYRD
*vs*
BRADLEY.

Circumstances
from which a
fraudulent inter-
est may be in-
ferred.

The assent of the preferred creditors may, in general, be presumed, in the absence of all countervailing circumstances or, proof; and the intent with which the deed was made, may be determined, not only by the terms of the deed itself, but also by extrinsic circumstances attending and following its execution. Among these circumstances, the fact that the preferred creditors were cognizant, or that they were ignorant of the deed; and the length of time during which they remained ignorant; their assent or dissent to it when informed; the activity or inactivity of the trustee; his taking the control of the property for the purposes of the trust, and so far as allowed by the deed, or its being left in the use and enjoyment of the debtor, and the length of time for which it is thus left, are all entitled to consideration.

That a debtor is
permitted to re-
main in posses-
sion of personal
property convey-
ed, three or four
months, is not,
*ipso facto*, evi-
dence of a frau-
dulent intent.

But assuming the assent of the preferred creditors in this case, the fact that the debtor was permitted to remain in the possession of the personal property conveyed by the deed, for three or four months, is not, *ipso facto*, evidence of a fraudulent intent as the last instruction seems to imply, but is only one of those circumstances from which the jury might or might not, according to their own sound discretion, find the transaction fraudulent. The instruction which implies that the deed is fraudulent as to the creditors not preferred, if it withdraws the property from their executions, is also contrary to the tenor of this opinion, and as we think, erroneous.

Wherefore, the judgment is reversed and the cause remanded for a new trial, on principles conformable to this opinion.

*Morehead & Reed* for plaintiff.